STATE OF NORTH CAROLINA v. JAMES KENNETH BRANDON

No. 7323SC479

(Filed 13 June 1973)

1. Criminal Law § 84; Searches and Seizures § 2— search with defendant's consent — admissibility of amphetamine capsules

Where defendant who was in prison on another charge asked the jailer to bring him his coat from his locked car, the jailer fetched the

coat and examined the pockets before giving it to defendant and the examination yielded five capsules containing amphetamine, there was no unlawful search, and evidence obtained from the search was admissible in this prosecution for the unlawful possession of amphetamine.

2. Narcotics § 4— possession of amphetamine — sufficiency of evidence

Evidence was sufficient to withstand defendant's motion for nonsuit in a prosecution for the unlawful prossession of amphetamine where it tended to show that defendant had had actual possession of the amphetamine capsules found in the pocket of his coat taken from his locked car.

APPEAL by defendant from *Winner, Judge,* January 1973 Session of Superior Court held in YADKIN County.

Defendant pled not guilty to the charge of unlawful possession of amphetamine. The State's evidence showed: While defendant was in the Yadkin County jail as result of another charge, he asked the jailer to bring him his coat from his car, stating he wanted to use it for a pillow. The jailer got the keys, unlocked defendant's car which was parked on the jail property, and got defendant's coat from the front seat. Before giving the coat to defendant, the jailer searched the pockets and found five capsules, which, on being tested by an SBI chemist, were found to contain amphetamine.

Defendant offered no evidence. He was found guilty as charged. From judgment imposing a suspended sentence, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney General Ralf F. Haskell and Wade E. Brown, Consultant, for the State.*

*James Lee Graham for defendant appellant.*

PARKER, Judge.

[1] Defendant assigns error to denial of his motion to suppress the State's evidence made on the grounds it was obtained as result of an unlawful search. At the hearing on the motion the State presented testimony to show that the jailer got defendant's coat from his locked car only after defendant had requested him to do so and had given him the car keys for that purpose. Thus no unlawful search of the car was involved. Before giving defendant his coat, the jailer took the sensible precaution of examining its pockets. This, in our opinion, he had every right to do, else he ran the obvious risk of unknowingly

delivering to his prisoner some weapon which might be employed against him or some instrument which might be used to effect an escape. The Fourth Amendment does not forbid all searches and seizures but only those that are unreasonable. Under the circumstances here disclosed, no unreasonable search has been shown and the trial judge correctly so held.

[2] Defendant's motion for nonsuit was also properly denied. When the evidence is viewed in the light most favorable to the State, it was a legitimate inference for the jury to draw that defendant had had actual possession of the amphetamine capsules found in the pocket of his coat taken from his locked car. *State v. Chavis,* 270 N.C. 306, 154 S.E. 2d 340, relied on by appellant, is factually distinguishable.

No error.

Judges CAMPBELL and MORRIS concur.